UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:25-CV-81002-DMM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

WELLS REAL ESTATE
INVESTMENT, LLC, JANALIE
C. JOSEPH A/K/A JANALIE C.
BINGHAM, and JEAN JOSEPH,

    Defendants.
_____/

ANDRES RIVERO, as Receiver of
WELLS REAL ESTATE INVESTMENT, LLC,
*et al.*,

    Plaintiff,

v.

EMPIRE INSURANCE SERVICES, INC.,

    Defendant.
_____/

**DEFENDANT, EMPIRE INSURANCE SERVICES, INC.'S,
ANSWER AND AFFIRMATIVE DEFENSES TO RECEIVER'S COMPLAINT**

    Defendant, EMPIRE INSURANCE SERVICES, INC. ("Empire"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint [DE 01] filed by Plaintiff, ANDRES RIVERO, as Receiver of WELLS REAL ESTATE INVESTMENT, LLC, *et al.* ("Receiver"), in which Empire expressly denies all allegations not specifically admitted

herein (including in Wherefore clauses, section headings, sub-parts, footnotes, and unnumbered paragraphs), and states the following:

## PROCEDURAL HISTORY

1. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies those allegations.

2. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies those allegations.

3. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies those allegations.

4. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies those allegations.

5. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies those allegations.

6. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies those allegations.

## THE PARTIES

### The Receiver

7. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies those allegations.

### The Defendant

8. Empire admits only that it is a Florida corporation with a principal place of business in Hallandale, Florida.

9. Empire admits only that it is in the business of providing insurance related services, including to real estate investors, landlords, and developers.

## JURISDICTION AND VENUE

10. Empire admits only that this action purports to be related to the claims raised in the referenced SEC Action and that this Court has subject matter jurisdiction over this action, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies those allegations.

11. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations.

12. Empire admits only that this Court has personal jurisdiction and that Empire conducted business with some of the Receivership Entities, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies those allegations.

13. Empire admits only that this Court has personal jurisdiction, that Empire is registered to do business in Florida, has a principal place of business in Hallandale, Florida, regularly conducts business in Florida, and has conducted business with some of the Receivership Defendants in Florida.

14. The allegations in Paragraph 14 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire admits only that it has minimum contacts with the State of Florida.

15. Empire admits only that venue is proper, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies those allegations.

## THE RECEIVER'S STANDING TO BRING THE CLAIMS ASSERTED

16. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies those allegations.

17. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies those allegations.

18. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies those allegations.

19. The allegations in Paragraph 19 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies those allegations.

20. The allegations in Paragraph 20 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21. The allegations in Paragraph 21 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies those allegations.

## STATUTE OF LIMITATIONS AND APPLICABLE LAW

22. The allegations in Paragraph 22 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire denies the allegations in Paragraph 22 as an oversimplification of FUFTA's requirements, but otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations.

23. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies those allegations.

25. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies those allegations.

26. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations.

## FACTUAL ALLEGATIONS

### I. Wells' Real Estate Investment Scheme

27. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies those allegations.

28. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies those allegations.

29. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies those allegations.

30. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies those allegations.

31. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies those allegations.

32. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies those allegations.

33. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies those allegations.

34. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies those allegations.

35. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies those allegations.

36. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies those allegations.

37. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies those allegations.

II.     **Findings of Fraud and Permanent Injunction Against Wells in the SEC Action**

38. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies those allegations.

39. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations.

40. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

41. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies those allegations.

42. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies those allegations.

### III. The Insolvency of Wells and Receivership Defendants

43. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies those allegations.

44. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies those allegations.

### IV. Transfers to Empire

45. Empire admits only that Receiver attached as Exhibit "A" to the Complaint a table of purported transfers, which speaks for itself, but otherwise denies the remaining allegations in Paragraph 45.

46. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies those allegations.

47. Empire denies the allegations in Paragraph 47 of the Complaint.

48. Empire denies the allegations in Paragraph 48 of the Complaint.

49. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies those allegations.

50. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies those allegations.

51. Empire denies the allegations in Paragraph 51 of the Complaint.

52. Empire denies the allegations in Paragraph 52 of the Complaint.

53. Empire denies the allegations in Paragraph 53 of the Complaint.

54. Empire admits only that Florida law applies to Receiver's claims and Empire's transactions with the Receivership Entities occurred in Florida, but otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and therefore denies those allegations.

55. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies those allegations.

**COUNT I**
**Fraudulent Transfer Under § 726.105(1)(a), Fla. Stat.,**
**Florida Uniform Fraudulent Transfer Act**

Empire re-asserts and incorporates its responses to Paragraphs 1 through 55 above as if fully set forth herein.

56. Empire admits only that this action purports to be a claim pursuant to Florida Statutes, Section 726.105(1)(a), but affirmatively denies that it engaged in any actionable conduct entitling Receiver to any relief, and further denies the remaining allegations in Paragraph 56 of the Complaint.

57. Empire admits only that it received certain premium payments from the Receivership Entities in connection with certain insurance policies as a mere conduit, but otherwise denies the remaining allegations in Paragraph 57 of the Complaint.

58. Empire denies the allegations in Paragraph 58 of the Complaint.

59. Empire denies the allegations in Paragraph 59 of the Complaint.

60. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies those allegations.

61. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies those allegations.

62. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies those allegations.

63. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies those allegations.

64. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies those allegations.

65. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies those allegations.

66. The allegations in Paragraph 66 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies those allegations.

67. The allegations in Paragraph 67 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies those allegations.

68. The allegations in Paragraph 68 call for a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies those allegations.

**COUNT II**
**Fraudulent Transfer Under § 726.105(1)(b), Fla. Stat.,**
**Florida Uniform Fraudulent Transfer Act**

Empire re-asserts and incorporates its responses to Paragraphs 1 through 55 above as if fully set forth herein.

69. Empire admits only that this action purports to be a claim pursuant to Florida Statutes, Section 726.105(1)(b), but affirmatively denies that it engaged in any actionable conduct entitling Receiver to any relief, and further denies the remaining allegations in Paragraph 69 of the Complaint.

70. Empire admits only that it received certain premium payments from the Receivership Entities in connection with certain insurance policies as a mere conduit, but otherwise denies the remaining allegations in Paragraph 70 of the Complaint.

71. Empire denies the allegations in Paragraph 71 of the Complaint.

72. Empire denies the allegations in Paragraph 72 of the Complaint.

73. Empire denies the allegations in Paragraph 73 of the Complaint.

74. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies those allegations.

75. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies those allegations.

76. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies those allegations.

77. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies those allegations.

78. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies those allegations.

79. The allegations in Paragraph 79 call for a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies those allegations.

80. The allegations in Paragraph 80 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies those allegations.

## COUNT III
### Fraudulent Transfer Under § 726.106(1), Fla. Stat., Florida Uniform Fraudulent Transfer Act

Empire re-asserts and incorporates its responses to Paragraphs 1 through 55 above as if fully set forth herein.

81. Empire admits only that this action purports to be a claim pursuant to Florida Statutes, Section 726.106(1), but affirmatively denies that it engaged in any actionable conduct entitling Receiver to any relief, and further denies the remaining allegations in Paragraph 81 of the Complaint.

82. Empire admits only that it received certain premium payments from the Receivership Entities in connection with certain insurance policies as a mere conduit, but otherwise denies the remaining allegations in Paragraph 82 of the Complaint.

83. Empire denies the allegations in Paragraph 83 of the Complaint.

84. Empire denies the allegations in Paragraph 84 of the Complaint.

85. Empire denies the allegations in Paragraph 85 of the Complaint.

86. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies those allegations.

87. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies those allegations.

88. Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies those allegations.

89. The allegations in Paragraph 89 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies those allegations.

90. The allegations in Paragraph 90 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies those allegations.

## COUNT IV
### Unjust Enrichment as to the Transfers

Empire re-asserts and incorporates its responses to Paragraphs 1 through 55 above as if fully set forth herein.

61. Empire denies the allegations in Paragraph 61 of the Complaint.[1]

62. Empire denies the allegations in Paragraph 62 of the Complaint.

63. Empire denies the allegations in Paragraph 63 of the Complaint.

64. The allegations in Paragraph 64 allege a legal conclusion, such that no response is required. To the extent a response is required, Empire denies the allegations in Paragraph 64 of the Complaint.

---

[1] The Complaint contains a typographical numerical error, and the allegations in Count IV start at Paragraph 61. For consistency purposes, Empire's Answer follows the numerical order as stated in the Complaint.

## DEMAND FOR JURY TRIAL

Empire admits only that Receiver has requested a jury trial, but denies that Receiver is entitled to a trial by jury or otherwise.

***Empire denies each and every allegation not expressly admitted herein, including in all Wherefore clauses, prayers for relief, sub-parts, headings and unnumbered paragraphs.***

## AFFIRMATIVE DEFENSES

Empire, by and through its counsel, reserves the right to rely upon the following affirmative defenses to the claims asserted in the Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on the Receiver and with the reservation of its rights to amend or supplement the responses to the Complaint, as well as its affirmative defenses, as information is gathered through discovery.

## FIRST AFFIRMATIVE DEFENSE

Receiver's claims are barred, in whole or in part, for failure to state a claim. Specifically, "Exhibit A" attached to the Complaint contradicts Receiver's allegation that the Receivership Entities made multiple transfers to Empire, which allegation serves as the primary basis for Receiver's FUFTA claims. As plainly stated on the face of "Exhibit A," the "payee" of said transfers is identified as either Cambridge Real Estate Management, LLC and/or 4100 Hospital Office, LLC [DE 01, Ex. A]. Empire is not identified as a "payee" for any of the listed transfers at issue in this action. Thus, Receiver's alleged damages based on such transfers cannot be linked to Empire. *See Gill v. Judd*, 941 F.3d 504, 518 (11th Cir. 2019) ("[A] litigant may be defeated by his own evidence, <u>the pleader by his own exhibits</u>" when "he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them."), *quoting Simmons v.*

*Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) (emphasis added); *see also Morris v. Environ Towers I Condominium Association*, 2018 U.S. Dist. LEXIS 103923, *7-8 (S.D. Fla. Jun. 21, 2018) ("In addition to the allegations in the complaint, the district court also considers 'the facts derived from a complaint's exhibits as part of the plaintiff's basic factual averments,' and where those exhibits contradict the complaint's allegations, the exhibits control."), *quoting F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013).

Additionally, the Complaint fails to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Here, Receiver alleges "Empire assisted the Receivership Defendants in carrying out the Fraudulent Scheme by allegedly securing insurance coverage for real properties owned by Receivership Entities, which in reality were nonexistent, grossly overpriced, or unnecessary or unrelated, and received the Transfers as payment for "fees" or "premiums", without providing reasonably equivalent value to the Receivership Entities in exchange for those Transfers" (DE 01, p. 12, ¶ 51), and incorporates such general allegation into each count in the Complaint. However, Receiver identifies at least 16 allegedly fraudulent transfers, but fails to plead with particularity the "who/what/when/where/how" of each alleged transfer to Empire, the indicia of fraud as to Empire, or Empire's role and/or knowledge of each alleged transfer (especially given the payee discrepancy described above).

Receiver further fails to state a claim under § 726.105(1)(b), Florida Statutes, because the Receivership Entities received a reasonably equivalent value in exchange for the transfers referenced in the Complaint in the form of property insurance policies procured by Empire. Such policies were valid and binding and afforded property insurance for the Receivership Entities'

properties. Additionally, Empire provided value in the form of procuring said policies and providing claims handling and related administrative services necessary to bind said policies.

## SECOND AFFIRMATIVE DEFENSE

The transfers referenced in the Complaint are not voidable against Empire because Empire took such transfers in good faith and for a reasonably equivalent value. *See* § 726.109(1), Fla. Stat. Moreover, such transfers were used to pay required insurance premiums for property insurance policies procured by Empire for the Receivership Entities' properties. Thus, ultimately Empire is not responsible for such transfers because Empire did not pocket the value of the transfers. Such transfers were received and accepted by the respective insurance carriers or premium finance companies that issued the property insurance policies or financed the coverage.

## THIRD AFFIRMATIVE DEFENSE

In the event Receiver obtains a judgment to recover the value of the assets transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require. *See* § 726.109(3), Fla. Stat. Accordingly, any such judgment must be adjusted to account for Empire's actual damages incurred as a result of the Receivership Defendants' fraudulent and/or otherwise illegal conduct, including Empire's out of pocket payments to cover the required property insurance premiums.

## FOURTH AFFIRMATIVE DEFENSE

To the extent of the value given to the Receivership Defendants for the transfer or obligation, Empire is entitled to either (a) A lien on or a right to retain any interest in the asset transferred; (b) Enforcement of any obligation incurred; or (c) A reduction in the amount of the liability on the judgment. *See* § 726.109(4), Fla. Stat.

**FIFTH AFFIRMATIVE DEFENSE**

At all times material, Empire acted in good faith and had no actual knowledge of the Receivership Defendants' alleged Ponzi scheme described in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Empire affirmatively asserts that the transfers referenced in the Complaint were made for a legitimate business purpose, i.e., to procure property insurance policies for the Receivership Entities' properties.

**SEVENTH AFFIRMATIVE DEFENSE**

Empire was not unjustly enriched by the transfers referenced in the Complaint because it received no benefit therefrom. Rather, Empire has incurred actual damages and out of pocket losses as a result of the Receivership Defendant's fraudulent and/or otherwise illegal actions. Moreover, to the extent Empire received any benefit in connection with the alleged fraudulent transfers, such as in the form of commissions, such benefit was not "unjust" because Empire provided legitimate insurance procurement services to the Receivership Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Receiver's damages were not proximately caused by the alleged breach of any contractual, statutory, or common law duty owed to Receiver. A party cannot recover actual damages for breach of duty unless it can prove that its damages were both actually and proximately caused by the breach.

**NINTH AFFIRMATIVE DEFENSE**

Receiver is not entitled to attorney's fees against Empire. Attorney's fees are available only through statute or the parties' express agreement, and Receiver has not pointed to either as a basis for attorney's fees.

## TENTH AFFIRMATIVE DEFENSE

Receiver's claims are barred by applicable statutes of limitations and/or repose.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to § 768.041, Fla. Stat. and/or § 46.015, Fla. Stat., in the event this Court or a jury determines that Empire is liable to Receiver, any award to Receiver against Empire must be set-off by the recovery Receiver received in any settlement with any non-parties or any judgment against said non-parties, or in any settlement with or judgment against any other defendants who are in this action or who may be added into this action, including but not limited to, the Receivership Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Receiver's claims are barred in whole or in part under the doctrine of assumption of risk. Specifically, discovery may reveal that the Receivership Entities failed to adequately review the property insurance policies procured by Empire, and/or specifically requested certain property insurance policies with large premiums without considering their financial circumstances, thereby assuming the risk of being responsible for such premiums.

## THIRTEENTH AFFIRMATIVE DEFENSE

Receiver's claims are barred in whole or in part because Receiver's claims are not ripe as Receiver failed to satisfy contractual or statutory conditions precedent to the claims Receiver has made.

## FOURTEENTH AFFIRMATIVE DEFENSE

Receivership Entities failed to mitigate their damages and, as such, Receiver's recovery, if any, should be reduced by the amount that the damages complained of could have been lessened.

## FIFTEENTH AFFIRMATIVE DEFENSE

Receiver is barred and/or limited from recovering from Empire any damages for losses sustained which have been paid or are payable by any collateral sources of indemnity available to Receiver. For example, Receiver may be entitled to compensation from the insurance carriers that issued the property insurance policies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Receiver's alleged damages were caused by the negligence or other tortious actions of Receiver and/or third parties, including but not limited to, the Receivership Defendants, which must be apportioned by the jury. Empire reserves the right to amend this affirmative defense and name additional third parties as further information becomes known through discovery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Even assuming the alleged fraudulent transfers are voidable under § 726.106, Florida Statutes, Receiver is not entitled to recovery from Empire for the full amount of the transfers. At all times material, Empire acted as a mere conduit for the alleged transfers for purposes of submitting premium payments to the respective insurance carriers or premium finance companies in order to procure the property insurance policies and bind coverage. Ultimately, Empire lacked dominion and control over the premium payments. *See Nordberg v. Societe Generale (In re Chase & Sanborn Corp.)*, 848 F.2d 1196, 1199-1200 (11th Cir. 1988) (In evaluating a voidable transfer claim under 11 U.S.C.S. § 550, "[t]he control test, then, as adopted by this circuit, simply requires courts to step back and evaluate a transaction in its entirety to make sure that their conclusions are logical and equitable," and further acknowledging that courts in the past "have traditionally evaluated [the] defendant's status in light of the entire transaction" and "have refused to allow trustees to recover property from defendants who simply held the property as agents or conduits

for one of the real parties to the transaction."); *see also Guttman v. Constr. Program Group (In re Railworks Corp.)*, 760 F.3d 398, 405 (4th Cir. Jul. 28, 2014) (evaluating bankruptcy trustee's fraudulent transfer claims under 11 U.S.C.S. §§ 547 and 550, and finding that since a party could not be both a mere conduit and an entity for whose benefit a transfer was made, the trustee could not recover the premium payment transfers from underwriter that acted as a "mere conduit" for the premium payments between the debtor and the insurance carrier.).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award in favor of Receiver must be set-off by the amount of commissions or other fees owed to Empire by the Receivership Defendants for insurance procurement services.

**WHEREFORE**, Defendant, **EMPIRE INSURANCE SERVICES, INC.**, respectfully requests that this Court dismiss the Complaint filed by Plaintiff, ANDRES RIVERO, as Receiver of WELLS REAL ESTATE INVESTMENT, LLC, *et al*., or enter judgment in its favor, and award its attorney's fees and costs under any applicable statute, rule or contract, and all such other relief as is just and proper.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Counsel for Defendant,*
*Empire Insurance Services, Inc.*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, Florida 33130
Phone: (305) 379-0400
By: /s/ *Andrew Kemp-Gerstel*
   ANDREW KEMP-GERSTEL
   Florida Bar No. 0044332
   MICHAEL D. STARKS
   Florida Bar No. 0086584
   STEFANI R. ERAZO
   Florida Bar No. 1019199

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **26th** day of **September, 2025**, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrew Kemp-Gerstel*
ANDREW KEMP-GERSTEL