UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:25-CV-81002-DMM

ANDRES RIVERO, as Receiver of
WELLS REAL ESTATE INVESTMENT, LLC,
et al.,

Plaintiff,

v.

EMPIRE INSURANCE SERVICES, INC.,

Defendant.
_____/

**ANDRES RIVERO'S MOTION TO STRIKE
DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES**

Andres Rivero, as Receiver for the Receivership Entities (the "Receiver") moves to strike certain defenses asserted in Defendant Empire Insurance Services, Inc.'s ("Empire"), Answers and Affirmative Defenses [ECF No. 26] ("Answer").

**INTRODUCTION**

Empire asserts eighteen purported affirmative defenses, many of which consist of nothing more than conclusory statements and general denials. While Empire is free to assert multiple defenses, each must satisfy the pleading requirements of Federal Rule of Civil Procedure 8 by including factual allegations that support the asserted defense. Empire has failed to do so for several of its defenses, which should therefore be stricken as a matter of law.

Affirmative defenses must rest on a valid legal theory and contain enough factual detail to put the opposing party on notice of the basis for each defense. Several of Empire's defenses fail this basic test. Moreover, Empire includes several "defenses" that are not affirmative defenses at all and should be stricken on that basis as well.

Striking these insufficient and improper defenses under Rule 12(f) will prevent unnecessary discovery and motion practice, conserving the time and resources of both the Court and the parties. Because Empire has not met the pleading standards required by Rule 8, the Court should grant the Receiver's motion to strike.

## LEGAL STANDARD

Affirmative defenses are subject to the general pleading requirements of Rule 8, which requires a defendant to provide a "short and plain statement" of the defense. Fed. R. Civ. P. 8(b)(1)(A). "Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and grounds upon which it rests." *FDIC v. Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302, *2 (S.D. Fla. August 13, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[t]hreadbare recitals . . . supported by mere conclusory statements, will not suffice").

"The purpose of an affirmative defense is to give the opposing party notice of an issue so that the party is prepared to properly litigate the issue." *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013). As such, at a minimum, affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8. *Carnival Corp.*, 2021 WL 7542956, at *3 ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing . . . fair notice [and the] grounds on which the defense rests.") (citing *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007)). "While the rule does not require presentation of detailed facts, it does require the party raising the affirmative defense to do more than make conclusory allegations." *Romero v. Southern Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009).

2

"In addition to increasing litigation costs, [b]oilerplate defenses clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo v. Roche Laboratories, Inc.*, 2010 WL 3027726, at *3 (S.D. Fla. Aug. 2, 2010). Furthermore, "weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302, at *2.

"Federal Rule of Civil Procedure 12(f) provides that 'the court may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter.'" *Castillo*, 2010 WL 3027726, at *1 (emphasis in original); *see also Morrison*, 434 F. Supp. 2d at 18 ("Furthermore, a court must not tolerate shotgun pleading of affirmative defenses and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint."). So, under Rule 12, courts should strike defenses that are "clearly invalid as a matter of law." *Sec. & Exch. Comm'n v. Brooks*, 2017 WL 11591855, at *1 (S.D. Fla. Nov. 27, 2017).

Although motions to strike are generally disfavored, an affirmative defense may be stricken if it consists of no more than bare bones conclusory allegations or is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). A defense is insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Microsoft Corp.*, 211 F.R.D. at 683.

## ARGUMENT

### I.   Empire's First Affirmative Defense Should be Stricken

In its First Affirmative Defense, Empire argues the Receiver's claims are barred for failure to state a claim. *See* Ans. [ECF No. 26] at pp. 13-15. First, failure to state a claim is not an affirmative defense and, therefore, Empire's first affirmative defense should be stricken on those grounds alone. *See e.g., Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286, 1290 (S.D. Fla. 2022) (acknowledging that courts in the Southern District of Florida "routinely strike 'failure to state a claim' defenses labeled as 'affirmative defenses,' because they do not constitute valid affirmative defenses") (internal citations omitted); *Miccosukee Tribe of Indians of Florida v. United States*, No. 08-21703-CIV, 2008 WL 11331763, at *2 (S.D. Fla. Oct. 30, 2008) (striking defendant's failure to state a claim affirmative defense as insufficient as a matter of law "[b]ecause the the failure to state a claim is a defect in [p]laintiff's claim, not an additional set of facts that bars recovery notwithstanding [p]laintiff's valid *prima facie* case,") (emphasis in original); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) (finding that defendant's affirmative defense based on the plaintiff's failure to state a claim was legally insufficient because "[f]ailure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.").

Even assuming that failure to state a claim constitutes a proper affirmative defense, Empire's first affirmative defense should be stricken because it is legally insufficient. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("An affirmative defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous or clearly invalid."). Empire attempts to challenge the Receiver's claims by attacking

Exhibit A to the Complaint, which summarizes the transfers Empire received from Wells or other Receivership Entities forming the basis of the Receiver's claims. See ECF No. 1, Ex. A. Empire contends that Exhibit A fails to connect any of the transfers to it because the "payee" column lists Cambridge Real Estate Management, LLC ("Cambridge") and 4100 Hospital Office, LLC ("4100 Hospital"). See Ans. [ECF No. 26] at 13.

Empire's argument mischaracterizes the exhibit. The column at issue is labeled "Payee / Received From," and identifies Cambridge and 4100 Hospital as the entities from which payments were received. See ECF No. 1, Ex. A (emphasis added). Moreover, Exhibit A expressly includes a row identifying Empire as the recipient of those transfers from Cambridge and 4100 Hospital. On its face, therefore, Exhibit A clearly reflects that the transfers were *to* Empire and *received from* Cambridge or 4100 Hospital.

Next, Empire contends the Receiver has failed to state a claim because the Complaint does not satisfy rule 9(b)'s heightened pleading standard. *See* Ans. [ECF No. 26] at pp. 14-15. Empire is mistaken. "[T]he case law is clear that claims for FUFTA are not subject to Rule 9(b)'s heightened pleading standard." *Chase Bank USA, N.A. v. Jacucci*, No. 19-CV-62318, 2020 WL 6870871, at *2 (S.D. Fla. June 5, 2020). Empire's argument conflates common-law fraud with statutory fraudulent transfer claims.

Courts within this District have consistently recognized that FUFTA's use of the term "fraudulent transfers" does not transform such claims into "fraud" claims for purposes of Rule 9(b) and therefore have declined to apply the heightened pleading standard to FUFTA causes of action. *See Chase Bank USA N.A.*, 2020 WL 6870871, at *3. *See also Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633-CIV, 2008 WL 660100, at *5-*6 (S.D. Fla. Mar. 7, 2008) (concluding rule 9(b)'s heightened pleading standard does not apply to FUFTA claims reasoning

that "[the] lack of access to information on the part of a plaintiff in a fraudulent transfer case" renders the application of a heightened pleading standard inappropriate). Accordingly, the Receiver need only provide a short and plain statement of the claim showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

As such, Empire's first affirmative defense should be stricken.

## II. Empire's Second Affirmative Defense Should be Stricken

Empire alleges insufficient facts to support its second affirmative defense. Florida is a fact pleading jurisdiction, and parties must state their pleadings with sufficient particularity for a defense to be prepared. *See Horowitz v. Laske*, 855 So. 2d 169 (Fla. 5th DCA 2003). A pleading should be dismissed when it presents legal conclusions without allegations of ultimate facts. *See Cady v. Chevy Chase Sav. & Loan, Inc.*, 528 So. 2d 136 (Fla. 4th DCA 1988). Reliance on vaguely worded legal conclusions and "bare-bones" allegations, without facts in support of the defense, is insufficient to meet the requisite Rule 8 pleading standard. Empire points to no facts or evidence in support of these defenses and the Receiver should not be left to guess. *See Pujals v. Garcia*, 777 F. Supp. 2d 1322, 1332 (S.D. Fla. 2011); *Castillo*, 2010 WL 3027726, at *3.

Specifically, the second affirmative defense argues the transfers are not voidable because Empire acted in good faith and provided reasonably equivalent value for the transfers. *See* Ans. [ECF No. 26] at p. 15. Empire does not state how Empire acted in good faith. *See id.* To support its claim that Empire provided equivalent value it simply alludes that the transfers were used to "pay required insurance premiums for property insurance policies" without identifying any such policies or tying premium amounts to any of the transfers. *See id.* As pled, the defense is insufficient because it fails to identify facts to support what value, if any, Empire provided to the Receivership Entities. *See Perlman v. Bank of Am., N.A.*, No. 11-80331-CV, 2014 WL

12279513, at *3 (S.D. Fla. Sept. 19, 2014) (striking defendant's good faith defense to FUFTA action because "[d]efendant allege[d] or identifie[d] no facts to support the element of 'reasonably equivalent value.'").

### III.     Empire's Third Affirmative Defense Should Be Stricken

Empie's third affirmative defense should also be stricken because it is legally insufficient. In its third affirmative defense Empire cites Fla. Stat. § 726.109(3), which provides that to the extent a transfer is voidable under FUFTA and a judgment is entered in favor of a creditor, any judgment based on the value of an asset transferred, must be for an amount equal to the value of the asset at the time of the transfer subject to adjustment as required by equity. *See* § 726.109(3), Fla. Stat. Relying on section 726.109(3), Empire argues any judgment in favor of the Receiver must therefore be adjusted to account for "actual damages" it allegedly incurred because of the Receivership Defendants' conduct. *See* Ans. [ECF No. 26] at p. 15.

However, section 726.109(3) only applies when a judgment award is based on the value of the asset transferred, and the amount of the creditor's claim exceeds the value of the asset transferred. *See Myers v. Brook*, 708 So. 2d 607, 611 (Fla. 2d DCA 1998). That is not the case here. Rather, the Receiver seeks to void transfers in the total amount of $101,064.42 and seeks recovery equal to the amounts transferred to Empire. *See* Comp. [ECF No. 1]. Because the Receiver's claim is not based on the value of an asset but rather a transfer of money, section 725.109(3) is inapplicable, and this affirmative defense is legally invalid and should be stricken.

### IV.     Empire's Fifth Affirmative Defense Should be Stricken

Empire's fifth affirmative attempts to state a good faith affirmative defense based on Empire's lack of knowledge. This affirmative defense should be stricken because Empire fails to plead the additional element of reasonable equivalent value required for an affirmative defense

7

of good faith. *See* Ans. [ECF No. 26] at p. 16; *see also Perlman*, 2014 WL 12279513, at *5 (concluding good faith affirmative defense as applied to FUFTA claim requires pleading additional elements such as reasonable equivalent value.).

## V. Empire's Seventh Affirmative Defense Should Be Stricken

Empire's seventh affirmative defense is effectively a denial of the allegations in the Receiver's complaint. The seventh affirmative defense asserts that Empire was not unjustly enriched by the transfers referenced in the complaint. *See* Ans. [ECF No. 26] at p. 16. This statement merely denies an element of the Receiver's unjust enrichment claim without alleging any additional facts that would avoid liability. By its very definition, "[a]n affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F. Supp. 2d at 1318 (citing Will v. Richardson-Merrell, Inc., 647 F. Supp. 544, 547 (S.D. Ga. 1986)) (emphasis in the original). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *Id.* (citing See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)). Because Empire's Seventh Affirmative Defense is a denial rather than an affirmative defense, it should be stricken.

## VI. Empire's Eighth Affirmative Defense Should Be Stricken

Empire's Eighth Affirmative Defense should be stricken because it is both inadequately pled and legally invalid. The defense merely asserts that the Receiver's damages were not "proximately caused" by Empire's alleged breach of duty. *See* Ans. [ECF No. 26] at p. 16. Empire provides no factual support explaining how the chain of causation was broken or how any alleged conduct by the Receiver, or another party, severed proximate cause. Courts routinely strike such bare assertions as insufficiently pled. *See Perlman v. Bank of America, N.A.*, 2014

WL 12279513, at *3 (S.D. Fla. Dec. 10, 2014)* (striking proximate cause defense where defendant failed to allege facts supporting a breach in the chain of causation).

Beyond its lack of factual support, this defense is also legally invalid. Proximate cause is not an element of a claim under the Florida Uniform Fraudulent Transfer Act ("FUFTA"). To prevail under FUFTA, the Receiver need only show: (1) a creditor to be defrauded, (2) a debtor intending fraud, and (3) a conveyance or transfer of property that could have been applied to satisfy a debt. *See* Fla. Stat. § 726.105(1)(a); *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296 (11th Cir. 2020). The issue of proximate cause is therefore irrelevant to Empire's liability. Moreover, the Receiver's complaint contains no allegations of any "breach of duty" by Empire, nor any count asserting such a claim. Accordingly, the Eighth Affirmative Defense is both factually unsupported and inapplicable to this case and should be stricken.

### VII. Empire's Ninth Affirmative Defense Should Be Stricken

In its ninth affirmative defense Empire contends that the Receiver is not entitled to attorney's fees against Empire. *See* Ans. [ECF No. 26] at p. 16. This "affirmative defense" is not a defense at all. It merely purports to point out a defect in the Receiver's claim for attorneys' fees and costs and will not avoid liability in the event the Receiver establishes its claims. Nor does it deny any specific allegation or element of the Receiver's claim. As such, the ninth affirmative defense should be stricken.

### VIII. Empire's Eleventh Affirmative Defense Should Be Stricken

In its eleventh affirmative defense, Empire claims it is entitled to set off under § 768.041, Fla. Stat. and/or § 46.015, Fla. Stat. *See* Ans. [ECF No. 26] at p. 17. However, those statutes "require setoffs as to amounts received from a joint *tortfeasor*." *Philip Morris USA Inc. v. Gore*, 344 So. 3d 1, 5 (Fla. 4th DCA 2022) (emphasis added). The Receiver's claims do not sound in

9

tort but arise out of FUFTA. *See Damian v. TD Ameritrade, Inc.*, No. 23-80503-CIV, 2024 WL 2716438 (S.D. Fla. May 17, 2024) (acknowledging that a receiver's fraudulent transfer claims arising from FUFTA are not tort claims). Accordingly, §§ 768.041, Fla. Stat. and 46.015, Fla. Stat. do not apply here. Empire is not entitled to setoff pursuant to these statutes, and therefore the eleventh affirmative defense should be stricken.

IX.     **Empire's Twelfth Affirmative Defense Should be Stricken**

Empire's twelfth affirmative defense is based on the doctrine of assumption of risk. *See* Ans. [ECF No. 26] at p. 17. This affirmative defense is legally insufficient and should be stricken. A FUFTA claim does not sound in tort or negligence. Accordingly, the doctrine of assumption of risk does not apply.

X.      **Empire's Thirteenth Affirmative Defense Should be Stricken**

The thirteenth affirmative defense alleges the Receiver's claims are not ripe because the Receiver failed to satisfy statutory or contractual conditions precedent. *See* Ans. [ECF no. 26] at p. 17. "[A] a party denying that a condition precedent has been performed 'must do so with particularity.'" *See Shedrick v. Dist. Bd. of Trustees of Miami-Dade Coll.*, 941 F. Supp. 2d 1348, 1364 (S.D. Fla. 2013) (citing Fed. R. Civ. P. 9(c)). As pled, the thirteenth affirmative defense does not meet this mark. Empire does not even identify what statutory or contractual conditions precedent it is referring to and how the Receiver has failed to comply with any such conditions. *See* Ans. [ECF no. 26] at p. 17. These allegations are insufficient to meet Rule 8's pleading standard, much less the heightened pleading standard of Rule 9(c) and should be dismissed. *See Shedrick*, 941 F. Supp. 2d at 1364 (holding affirmative defense of noncompliance with conditions precedent did not satisfy rule 9(c)'s pleading standard because it failed to discuss the particulars of the conditions precedent referred to).

10

### XI. Empire's Fourteenth Affirmative Defense Should be Stricken

In its Fourteenth Affirmative Defense, Empire asserts that the Receivership Entities failed to mitigate their damages and that the Receiver's recovery should be reduced accordingly. *See* Ans. [ECF No. 26] at p. 17. This defense is legally invalid because the doctrine of mitigation does not apply to claims brought under the Florida Uniform Fraudulent Transfer Act. The Receiver is not seeking damages but rather the avoidance and recovery of fraudulent transfers made to Empire in an amount equal to the value of those transfers. *See Freeman v. First Union Nat. Bank*, 865 So. 2d 1272, 1277 (Fla. 2004) (FUFTA does not create an independent tort for damages.). Because mitigation of damages has no relevance to the equitable recovery sought here, Empire's Fourteenth Affirmative Defense should be stricken.

### XII. Empire's Fifteenth Affirmative Defense Should Be Stricken

The fifteenth affirmative defense is also insufficiently pled. The fifteenth affirmative defense states in conclusory terms: "Receiver is barred and/or limited from recovering from Empire any damages for losses sustained which have been paid or are payable by any collateral sources of indemnity available to Receiver." *See* Ans. [ECF No. 26] at p. 18. The defense does not explain how it applies to the case and what sources of indemnity are available to the Receiver. Notably, the affirmative defense alludes to the idea that the Receiver may be entitled to compensation from the insurance carriers that issued certain policies, without identifying these insurance carriers. Such conclusory allegations with no additional factual support warrants striking the fifteenth affirmative defense.

### XIII. Empire's Sixteenth Affirmative Defense Should be Stricken

Empire's Sixteenth Affirmative Defense is based on a theory of comparative negligence and seeks to shift blame to the Receiver, the Receivership Entities, or other third parties. Such a

11

defense is inapplicable to a claim brought under the Florida Uniform Fraudulent Transfer Act ("FUFTA"). The Receiver's claims are not based in negligence or tort but arise under statute to recover fraudulent transfers. Accordingly, Empire's Sixteenth Affirmative Defense is legally invalid and should be stricken.

## CONCLUSION

For these good reasons, the Receiver respectfully requests an order from the Court striking affirmative defenses 1, 2, 3, 5, 7, 8, 9, 11, 12, 13, 14, 15, and 16 and granting such other relief that the Court deems proper.

## S.D. FLA. LOCAL R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L. R. 7.1(a)(3), I certify that I conferred in good faith with counsel for Empire who objects to the relief sought here.

Dated: October 31, 2025

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for the Receiver*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: /s/ *Amanda Fernandez*
Amanda Fernandez
Fla. Bar No. 106931
afernandez@riveromestre.com
Jorge A. Mestre
Fla. Bar No. 88145
jmestre@riveromestre.com
Taylor Diaz
Fla. Bar No. 1040706
tdiaz@riveromestre.com

## **CERTIFICATE OF SERVICE**

I certify that on October 31, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being electronically served today on all counsel of record through CM/ECF.

*/s/ Amanda Fernandez*
Amanda Fernandez
