UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81002-DMM

ANDRES RIVERO, as Receiver of
WELLS REAL ESTATE INVESTMENT, LLC,
*et al.*,

        Plaintiff,

v.

EMPIRE INSURANCE SERVICES, INC.,

        Defendant.

_____/

## JOINT DISCOVERY PLAN

Andres Rivero, as Receiver of Wells Real Estate Investment, LLC, and its related entities (the "Receiver"), and Defendant Empire Insurance Services, Inc. ("Empire") (collectively the "Parties"), as required under Federal Rules of Civil Procedure 26(f), and this Court's Pretrial Scheduling Order [ECF No. 32], submit the following Joint Discovery Plan.

**I.   FED. R. CIV. P. 26(f)(3) DISCOVERY PLAN**

**A. An Estimated Valuation of The Case from The Perspective of Plaintiff and Defendant**

Plaintiff estimates the value of this case based on the total amount of transfers received by Defendant as reflected in the Complaint, together with any applicable interest, attorneys' fees, and costs recoverable under law.

Defendant's estimated valuation of the case is $0.

**B. The date for exchanging initial disclosures pursuant to Rule 26(a)(1)**

The Parties agree to exchange initial disclosures within 14 days of the date of this Report.

**C. The subjects on which discovery may be needed**

The Parties anticipate discovery will be needed on the following subjects:

- The nature, purpose, and circumstances of the transfers made to Defendant;
- Insurance policies allegedly issued by Defendant;
- Premiums allegedly paid by Defendant;
- Defendant's knowledge, intent, and good faith in connection with the transfers;
- Any defenses asserted by Defendant, including good faith and reasonably equivalent value; and
- The claims in the Complaint and defenses in the Answer.

**D. Whether The Parties Can Agree to Limit Discovery on Particular Issues Through Stipulation.**

The Parties will meet and confer in good faith regarding the possibility of stipulations to limit discovery on particular issues to streamline proceedings and minimize duplication. At this time, no agreements have been reached.

**E. What Document Discovery is Needed.**

On a preliminary basis, and pending additional discovery, Plaintiff intends to seek the following document discovery:

- Bank and financial records reflecting transfers to and from Defendant;
- Communications and documents related to the transfers;
- Records reflecting Defendant's use or disposition of the transferred funds;
- Records reflecting any payments made by Defendant to satisfy insurance premium fees on behalf of any Receivership Entities;
- Documents and communications related to insurance policies issued by Defendant;
- Copies of insurance policies issued by Defendant; and
- Documents and communications related to Defendant's asserted defenses.

Defendant intends to seek the following document discovery:

- Bank and financial records reflecting transfers to and from Defendant;
- Communications and documents related to the transfers;
- Documents and communications related to insurance policies issued by Defendant;
- All documents intended to be relied upon by Receiver in support of its claims against Defendant; and
- Third party discovery to carriers, brokers and premium finance companies related to insurance policies and premiums.

**F. Whether Discovery Should be Conducted in Phases.**

The Parties do not believe phased discovery is necessary at this time but are open to revisiting this issue if discovery disputes arise or to facilitate early resolution.

**G. Whether the Parties Expect to Have Disclosure, Discovery, or Preservation of Electronically Stored Information, and if so, Explain: (a) The Main Information and Documents Sought; (b) The Expected Costs of E-discovery; and (c) Whether Alternatives to E-discovery are Possible.**

Although the Parties do not foresee the need to have disclosure, discovery, or preservation of electronically stored information at this time, the Parties agree they may request or produce information from electronic, or computer based media. The Parties agree to produce documents in readily usable form or forms as required under Fed. R. Civ. P. 34(b)(2)(E)(ii), as well as the original format if requested. The Parties affirm that, if necessary, reasonable measures will be taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

At this time, the Parties believe that it is premature to determine the expected costs of e-discovery, if any. As of the date this Report is being filed, the Parties cannot provide an estimate of the volume of documents and computerized information likely to be the subject of discovery from Parties. Nonetheless, the Parties agree to work with one another to pursue technological means which may render document discovery more manageable at an acceptable cost or to pursue alternative methods to e-discovery when appropriate.

**H. What individual(s) Each Party Intends to Depose**

On a preliminary basis, and pending additional discovery, Plaintiff anticipates deposing Boris Borukhov; Corporate Representative or designee for Empire; Janalie C. Bingham; Jean Joseph; and any other individuals with knowledge of the transfers or Defendant's receipt or disposition of funds.

On a preliminary basis, and pending additional discovery, Defendant anticipates deposing Corporate Representative or designee for Wells Real Estate Investment, LLC; Janalie C. Bingham; Jean Joseph; all "Relief Defendants" in the related action *Securities and Exchange Commission v. Wells Real Estate Investment, LLC, et al.* (U.S. District Court, Southern District of Florida Case No. 9:24-CV-80980-DMM), including Cambridge Real Estate Management, LLC; 60 Yacht Club, LLC; 112 South Olive, LLC; 791 Parkside Home, LLC; 910 Parkside, LLC; 930 Parkside, LLC; 976 Palm Beach Square, LLC; 1070 Boca Raton Square, LLC; 2082 Paradise Palm, LLC; 2295 Corporate Blvd, LLC; 4050 NW, LLC; 4100 Hospital Office, LLC; 4800 Federal, LLC; 7352 Valencia, LLC; 7483 Valencia, LLC; Boca Deerfield Properties, LLC; Daybreak Home, LLC; Globe Offices, LLC; Globe Property Offices, LLC; LW Square Office, LLC; Martiniquea Investments, LLC a/k/a Martinique's Investments, LLC; Oakland Land Property, LLC; and South Olive Office, LLC); Reliance Risk Solutions, LLC; South Bay Acceptance Corp; Mt. Hawley Insurance Company; GeoVera Specialty Insurance Company; London Underwriters, LLC; and any other individuals with knowledge regarding the transfers.

I. **Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including—if The Parties Agree on a Procedure to Assert These Claims After Production—Whether to Ask The Court to Include Their Agreement in an Order Under Federal Rule of Evidence 502.**

The Parties agree to negotiate and enter into an agreement providing for the protection against re-disclosure or inappropriate use of certain documents or things produced in discovery and otherwise providing for the protection of certain documents after production as the Parties see fit. The Parties further agree to enter into a mutually agreeable confidentiality agreement governing the treatment and disclosure of proprietary and confidential information.

4

**J. What Changes Should be Made in The Limitations on Discovery Imposed by the Federal Rules of Civil Procedure or The Local Rules.**

At this time, the Parties do not request any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules.

**K. Whether Early Mediation or a Settlement Conference with a Magistrate Judge Prior to the Close of Discovery Would be Helpful.**

As of the date this Report is being filed, the Parties do not believe that there is a need for early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery. The Parties reserve the right to request referral to a Magistrate Judge for early mediation or a settlement conference during the course of the litigation.

Respectfully submitted this 10th day of November 2025

        **RIVERO MESTRE LLP**
        *Counsel for the Receiver*
        2525 Ponce de Leon Blvd., Suite 1000
        Miami, Florida 33134
        Telephone: (305) 445-2500
        Facsimile: (305) 445-2505

        By: /s/ *Amanda Fernandez*
            Amanda Fernandez
            Fla. Bar No. 106931
            afernandez@riveromestre.com
            Jorge A. Mestre
            Fla. Bar No. 88145
            jmestre@riveromestre.com
            Taylor Diaz
            Fla. Bar No. 1040706
            tdiaz@riveromestre.com

        **LIEBLER, GONZALEZ &  PORTUONDO**

        *Counsel for Defendant*
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130

                Telephone: (305) 379-0400
                Facsimile: (305) 379-9626

                */s/ Stefani R. Erazo*
                Andrew Kemp-Gerstel
                Florida Bar No. 0044332
                Email: akg@lgplaw.com
                Secondary Email: mkv@lgplaw.com
                Michael D. Starks
                Florida Bar No. 0086584
                Email: mds2@lgplaw.com
                Secondary Email: sck@lgplaw.com
                Stefani R. Erazo
                Florida Bar No. 1019199
                Email: sre@lgplaw.com
                Secondary Email: sck@lgplaw.com

## **CERTIFICATE OF SERVICE**

  I certify that on November 10th, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being electronically served today on all counsel of record through CM/ECF.

                */s/ Amanda Fernandez*
                Amanda Fernandez