**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:25-CV-81002-DMM**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

WELLS REAL ESTATE INVESTMENT, LLC, JANALIE C. JOSEPH A/K/A JANALIE C. BINGHAM, and JEAN JOSEPH,

Defendants.
_______________________________________/

ANDRES RIVERO, as Receiver of WELLS REAL ESTATE INVESTMENT, LLC, *et al*.,

Plaintiff,

v.

EMPIRE INSURANCE SERVICES, INC.,

Defendant.
_______________________________________/

**DEFENDANT, EMPIRE INSURANCE SERVICES, INC.'S, RESPONSE IN OPPOSITION TO RECEIVER'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant, EMPIRE INSURANCE SERVICES, INC. ("Empire"), by and through undersigned counsel, hereby files its Response in Opposition to the Motion to Strike Empire's Affirmative Defenses [DE 33] filed by Plaintiff, ANDRES RIVERO, as Receiver of WELLS REAL ESTATE INVESTMENT, LLC, *et al*. ("Receiver"), and in support thereof, states the following:

**PROCEDURAL HISTORY**

1. On August 13, 2025, Receiver filed its Complaint [DE 01] against Empire asserting claims for unjust enrichment and to avoid and recover certain alleged fraudulent transfers pursuant to Florida's Uniform Fraudulent Transfer Act § 726.101, *et seq*., Florida Statutes.

2. On September 26, 2025, Empire filed its Answer and Affirmative Defenses to the Complaint [DE 26].

3. On October 31, 2025, Receiver's counsel informed undersigned that they intended to file a Motion to Strike Empire's Affirmative Defenses and requested Empire's position on the matter. Receiver's counsel provided zero notice regarding which affirmative defenses they intended to move to strike, nor did they engage in any meaningful conferral with undersigned to resolve the issue prior to Court intervention. *See* emails attached hereto as Exhibit A.

4. That same day, on October 31, 2025, Receiver filed his Motion to Strike Empire's Affirmative Defenses ("Motion to Strike") [DE 33].

5. For the reasons set forth below, Receiver's Motion to Strike should be denied.

**INTRODUCTION**

Receiver brings the instant action as Court-appointed receiver for Wells Real Estate Investment, LLC ("Wells") and multiple so-called "Relief Defendants."[1] Essentially, Receiver claims that Wells, through its owners Janalie Bingham and Jean Joseph, operated a real estate investment Ponzi scheme to defraud investors out of hundreds of millions of dollars.[2] Receiver

---

[1] *See* Compl., DE 01, p.1. "Relief Defendants" refers to: Cambridge Real Estate Management, LLC; 60 Yacht Club, LLC; 112 South Olive, LLC; 791 Parkside Home, LLC; 910 Parkside, LLC; 930 Parkside, LLC; 976 Palm Beach Square, LLC; 1070 Boca Raton Square, LLC; 2082 Paradise Palm, LLC; 2295 Corporate Blvd LLC; 4050 NW, LLC; 4100 Hospital Office, LLC; 4800 Federal, LLC; 7352 Valencia, LLC; 7483 Valencia, LLC; Boca Deerfield Properties, LLC, Daybreak Home, LLC; Globe Offices, LLC; Globe Property Offices, LLC; LW Square Office, LLC; Martiniqueâ Investments LLC a/k/a Martinique's Investments LLC; Oakland Land Property, LLC; and South Olive Office, LLC.

[2] *See* Compl., DE 01, ¶¶ 27-37.

further claims that from September 30, 2022, through September 29, 2023, Wells made approximately 16 transfers to Empire totaling $101,064.42 using funds fraudulently procured from investors for purposes of paying insurance premiums for insurance policies procured by Empire for Wells and Relief Defendants.[3] Moreover, Receiver specifically alleges "Empire assisted the Receivership Defendants in carrying out the Fraudulent Scheme by allegedly securing insurance coverage for real properties owned by Receivership Entities, which in reality were nonexistent, grossly overpriced, or unnecessary or unrelated, and received the Transfers as payment for 'fees' or 'premiums', without providing reasonably equivalent value to the Receivership Entities in exchange for those Transfers."[4]

Of course, Empire strongly denies Receiver's allegations. As set forth in Empire's Answer and Affirmative Defenses [DE 26], Empire had no knowledge of Wells' alleged fraudulent activity. Empire procured legitimate, valid insurance policies for certain properties owned by certain Relief Defendants. Moreover, Empire did not retain the vast majority of the monetary value of the transfers for its own benefit, retaining only its commission. Rather, Empire merely passed along Wells' transfers to the appropriate insurance carrier to pay the required insurance premiums. In other words, Empire acted as a conduit between Wells and the insurance carriers to pay the required insurance premiums. And finally, Empire *itself* was a victim of Wells' scheme, as the insurance policies were "agency billed," meaning that Empire was left on the hook to pay the insurance premiums when Wells failed to do so. Indeed, Empire bore the risk of losing its business with the insurance carriers if the policies lapsed (which it did because of this). Thus, Empire not only lost part of its book of business, but it also never received the full commissions it earned for procuring the policies. These critical facts serve as the basis for Empire's affirmative defenses and

---

[3] *See* Compl., DE 01, ¶¶ 45-46.
[4] *See* Compl., DE 01, ¶ 51.

give Receiver sufficient notice of the issues that Receiver should be prepared to litigate at trial, thus satisfying the pleading standard for affirmative defenses.

## ARGUMENT

### A. Legal Standard.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter."[5] Affirmative defenses must comply with Federal Rule of Civil Procedure 8(a) and provide a "short and plain statement" of the asserted defense.[6] Under Federal Rule of Civil Procedure 12(f), a party may move to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[7] However, "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel."[8]

Regarding the pleading standard for affirmative defenses, courts in the Southern District of Florida "have developed two schools of thought … and the Eleventh Circuit has not yet resolved the split in opinion."[9] Some courts have held that "affirmative defenses are subject to the heightened pleading standard," and others hold that "the heightened pleading standard … only applies to the allegations in complaints—not affirmative defenses."[10] However, as recently as this year, courts in the Southern District of Florida have suggested "using the less heightened standard

---

[5] *Royal Palm Sav. Ass'n v. Pine Trace Corp*., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters*, 72 Fla. 311 (Fla. 1916)).

[6] *See Morrison v. Executive Aircraft Refinishing, Inc*., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

[7] Fed. R. Civ. P. 12(f).

[8] *Renegade Cap. GP, LLC v. Abacus Life, Inc*., 2025 U.S. Dist. LEXIS 110901, *2 (M.D. Fla. June 11, 2025) (citing *Erdogam v. Suntree Country Club, Inc*., 2015 U.S. Dist. LEXIS 183779, *1 (M.D. Fla. Feb. 10, 2015)).

[9] *Pro. Kitchen Installer Grp. Inc. v. Colon*, 2025 U.S. Dist. LEXIS 54945, *4 (S.D. Fla. Mar. 6, 2025) (quoting *Maus v. City of Fort Lauderdale*, 2023 U.S. Dist. LEXIS 81087, *2 (S.D. Fla. May 9, 2023)).

[10] *Id*. at 2-3; *See also Progressive Express Ins. Co. v. Star Painting & Waterproofing, Inc*., 333 F.R.D. 600, 601 (S.D. Fla. 2019) ("Nonetheless, affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*."); *Forsythe v. Starboard Yacht Group, LLC*, 345 F.R.D. 544, 548-49 (S.D. Fla. 2023) ("To satisfy pleading requirements within the Southern District of Florida, 'affirmative defenses need only provide fair notice of the nature of the defense and the grounds upon which it rests' … [and] are not subject to the heightened pleading standard of *Twombly* and *Iqbal*.").

that an affirmative defense need not satisfy the strictures of *Twombly* and *Iqbal*."[11] Indeed, as Judge Middlebrooks noted in a recent 2019 case, "The primary purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. … We must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purposes of the rule."[12]

Additionally, "[t]he striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts."[13] In fact, "[m]otions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[14] As such, affirmative defenses are stricken only when "the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law."[15] "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law."[16] Otherwise, "affirmative defenses will be found appropriately pleaded if the defenses give [plaintiff] notice of the claims [defendant] will litigate."[17]

**B. <u>Empire's Affirmative Defenses are Legally Sufficient.</u>**

Empire's affirmative defenses should not be stricken, as described more fully below.

**1. *<u>Empire's First Affirmative Defense</u>*.**

---

[11] *See Pro Kitchen*, 2025 U.S. Dist. LEXIS 54945 at *4; *see also Dionisio v. Ultimate Images & Designs, Inc*., 391 F.Supp.3d 1187, 1192 (S.D. Fla. July 30, 2019) ("In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*.").
[12] *Susan Passion, LLC v. Windrose Charters, LLC*, 2019 U.S. Dist. LEXIS 246660, *4 (S.D. Fla. Aug. 8, 2019) (citing to *Hassan v. U.S. Postal Serv*., 842 F.2d 260, 263 (11th Cir. 1988)).
[13] *Katz v. Chevaldina*, 2013 U.S. Dist. LEXIS 69132, *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc*., 2011 U.S. Dist. LEXIS 20529 *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts.").
[14] *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 U.S. Dist. LEXIS 138384, *1 (S.D. Fla. Dec. 21, 2010) (internal quotations omitted).
[15] *GPM Indus. Inc. v. United States Citizenship and Immigration Servs.*, 2022 U.S. Dist. LEXIS 165910, * 2 (S.D. Fla. July 15, 2022).
[16] *Morrison v. Exec. Aircraft Refinishing, Inc*., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citation omitted).
[17] *Maus*, 2023 U.S. Dist. LEXIS 81087, 2023 WL 11893734, at *3.

Receiver moves to strike Empire's First Affirmative Defense because "failure to state a claim" is not a valid affirmative defense. However, courts have declined to strike affirmative defenses based on failure to state a claim because "Rule 12(f) should not be used to police the form of a pleading or to correct any erroneous designations."[18] Additionally, although failure to state a claim is a specific denial rather than an affirmative defense,[19] "when a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial."[20]

Also, Receiver's position that "Exhibit A" to the Complaint reflects that the transfers were made to Empire and received from Cambridge Real Estate Management, LLC ("Cambridge") or 4100 Hospital Office, LLC ("4100 Hospital") is flawed. None of the columns on "Exhibit A" contain any reference to Empire. And to Receiver's point that one of the rows above the columns identifies Empire as the recipient of the transfers – well, that same row states, "Transfer To/*From*: Empire Insurance Services, Inc.," thus suggesting that Empire sent some transfers, without identifying which transfers Empire purportedly sent.

Receiver also disputes Empire's position that Receiver failed to satisfy Rule 9(b)'s heightened pleading standard, arguing that FUFTA claims are not subject to the rule. While that may be true, Empire raised the heightened pleading standard to address Receiver's allegation that "Empire assisted the Receivership Defendants in carrying out the Fraudulent Scheme…"[21] While Receiver may not have to plead the FUFTA claim with particularity, Receiver is required by Rule 9(b) to plead with particularity the facts supporting Receiver's allegation that Empire partook in Wells' "Fraudulent Scheme." As such, Empire's First Affirmative Defense should not be stricken.

---

[18] *See Easlick v. Cooper (In re Cooper)*, 2013 Bankr. LEXIS 4336, *5 (M.D. Fla. Bankr. Sept. 19, 2013).
[19] *Herman v. Seaworld Parks & Ent., Inc.*, 2015 U.S. Dist. LEXIS 188265, *3 (M.D. Fla. June 16, 2015).
[20] *Id*. (quoting *Adams v. Jumpstart Wireless Corp*., 294 F.R.D. 668, 671 (S.D. Fla. 2013)).
[21] *See* Compl., DE 01, ¶ 51.

**2. *Empire's Second Affirmative Defense*.**

Receiver moves to strike Empire's Second Affirmative Defense because "Empire points to no facts or evidence of support of these defenses and the Receiver should not be left to guess."[22] But Rule 8(a) merely requires a "short and plain statement" of the asserted defense, which Empire satisfied by alleging that Empire took the transfers in good faith and for a reasonably equivalent value for the purpose of paying required insurance premiums. These allegations, as pled, are sufficient to put Receiver on notice of the issues that may be raised at trial.[23]

**3. *Empire's Third Affirmative Defense*.**

Receiver moves to strike Empire's Third Affirmative Defense on the basis that Section 726.109(3), Florida Statutes, is inapplicable to Receiver's claim because Receiver seeks recovery equal to the amount of the transfers (i.e., $101,064.42), not the value of the asset transferred. But what Receiver *intends* to recover is of no consequence. As noted in Receiver's cited case, *Myers v. Brook*, "[u]nder section 726.109(2), the creditor may recover 'judgment for the value of the asset transferred, as adjusted under [section 726.109] subsection 3, *or* the amount necessary to satisfy the creditor's claim, *whichever is less*.'"[24] Ultimately, Section 726.109(3) may prove applicable in the event this Court awards a judgment to Receiver based on the value of the asset transferred, as such amount may be less than the amount necessary to satisfy Receiver's claim. This determination will only be reached at the conclusion of trial or final hearing. Thus, Empire's Third Affirmative Defense is appropriately pled.

**4. *Empire's Fifth Affirmative Defense.***

Receiver moves to strike Empire's Fifth Affirmative Defense because Empire raises the

---

[22] *See* Motion to Strike, DE 33, p. 6.

[23] *See Maus*, 2023 U.S. Dist. LEXIS 81087 at *3 ("Affirmative defenses will be found appropriately pleaded if the defenses give [plaintiff] notice of the claims [defendant] will litigate.").

[24] *Myers v. Brook*, 708 So. 2d 607, 611 (Fla. 2d DCA 1998) (emphasis added).

defense of good faith without pleading the additional element of "reasonable equivalent value." However, as Receiver is already aware, the "reasonable equivalent value" is that Empire provided insurance procurement services and took the alleged transfers to pay legitimate insurance premiums.

**5. *Empire's Seventh Affirmative Defense.***

Receiver moves to strike Empire's Seventh Affirmative Defense as a denial of Receiver's unjust enrichment claim, rather than an affirmative defense. However, "when a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial."[25]

**6. *Empire's Eighth Affirmative Defense.***

Empire's Eighth Affirmative Defense should not be stricken. As noted, courts have declined to strike affirmative defenses based on failure to state a claim because "Rule 12(f) should not be used to police the form of a pleading or to correct any erroneous designations."[26] Additionally, although failure to state a claim is a specific denial rather than an affirmative defense,[27] "when a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial."[28]

**7. *Empire's Ninth Affirmative Defense.***

Receiver moves to strike Empire's Ninth Affirmative Defense because it "merely purports to point out a defect in the Receiver's claim for attorneys' fees…"[29] However, such a defense is often labeled a "negative defense," and "if a negative defense is 'improperly designated' as an

---

[25] *Id*. (quoting *Adams v. Jumpstart Wireless Corp*., 294 F.R.D. 668, 671 (S.D. Fla. 2013)).
[26] *See Easlick*, 2013 Bankr. LEXIS 4336, *5.
[27] *Herman*, 2015 U.S. Dist. LEXIS 188265, *3.
[28] *Id*.
[29] *See* Motion to Strike, DE 33, p. 9.

affirmative defense, courts can treat it as a specific denial instead."[30] Thus, the Court should decline to strike Empire's Ninth Affirmative Defense.

**8. *Empire's Eleventh Affirmative Defense.***

Receiver moves to strike Empire's Eleventh Affirmative Defense because the referenced setoff statute applies only to tort claims, which Receiver's claims his FUFTA claim is not. However, Receiver's characterization of *Damian v. TD Ameritrade*, Inc., 2024 WL 2716438 (S.D. Fla. May 17, 2024) for the proposition that "FUFTA [claims] are not tort claims" is misleading.[31] The Court in *Damian* limited its consideration of whether FUFTA claims constitute tort claims to the specific context of a Receiver's standing to assert such a claim.[32] It did not outright rule that FUFTA claims are not tort claims in any other context, including for setoff purposes. Accordingly, the Court should decline to strike Empire's Eleventh Affirmative Defense.

**9. *Empire's Twelfth Affirmative Defense.***

Similarly, Receiver moves to strike Empire's Twelfth Affirmative Defense based on assumption of the risk for the same reason mentioned above, i.e., FUFTA is not a tort claim. However, Receiver provides no authority establishing that FUFTA does not constitute a tort claim outside the context of a Receiver's standing. Accordingly, the Court should decline to strike Empire's Twelfth Affirmative Defense.

**10. *Empire's Thirteenth Affirmative Defense.***

Empire withdraws its Thirteenth Affirmative Defense, without prejudice, pending further discovery, with the understanding that Empire does not waive this defense.[33]

---

[30] *See Renegade*, 2025 U.S. Dist. LEXIS 110901 at *3-4 (quoting *Burgos v. Ent. 2851, LLC*, 2023 U.S. Dist. LEXIS 32573, *2 (M.D. Fla. Feb. 27, 2023).
[31] *See* Motion to Strike, DE 33, p. 10.
[32] *See Damian,* 2024 WL 2716438, 2024 U.S. Dist. LEXIS 89412, at *14 ("[T]ort and fraudulent-transfer claims must be treated differently for standing purposes.").
[33] *See Shedrick v. Dist. Bd. of Trustees of Miami-Dade Coll.*, 941 F. Supp. 2d 1348, 1364 (S.D. Fla. 2013) ("Eleventh Circuit precedent, however, allows for a 'specific denial of performance of conditions precedent [to] be raised by

**11. *Empire's Fourteenth Affirmative Defense.***

Empire withdraws its Fourteenth Affirmative Defense, without prejudice, pending further discovery, with the understanding that Empire does not waive this defense.[34]

**12. *Empire's Fifteenth Affirmative Defense.***

Receiver moves to strike Empire's Fifteenth Affirmative Defense as insufficiently pled and conclusory. However, as Judge Middlebrooks noted in *Passion*, "The primary purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."[35] As Receiver acknowledges in his Motion to Strike,[36] Receiver may be entitled to compensation from the insurance carriers that issued insurance policies to the Receivership Entities. Thus, there is no question that Receiver has adequate notice of this particular issue that may be raised at trial.

**13. *Empire's Sixteenth Affirmative Defense.***

Again, Receiver moves to strike Empire's Sixteenth Affirmative Defense based on his position that FUFTA is not a tort claim. However, Receiver provides no authority establishing that FUFTA does not constitute a tort claim, outside the context of a Receiver's standing. Accordingly, the Court should decline to strike Empire's Sixteenth Affirmative Defense.

**WHEREFORE**, Defendant, **EMPIRE INSURANCE SERVICES, INC.**, respectfully requests that this Court deny the Motion to Strike filed by Plaintiff, ANDRES RIVERO, as Receiver of WELLS REAL ESTATE INVESTMENT, LLC, *et al*., or enter judgment in its favor,

---

motion as well as by answer.'") (citing *Associated Mech. Contractors, Inc. v. Martin K. Eby Constr. Co*., 271 F.3d 1309, 1317 (11th Cir. 2001)).

[34] *See id.*

[35] *Susan Passion, LLC v. Windrose Charters, LLC*, 2019 U.S. Dist. LEXIS 246660, *4 (S.D. Fla. Aug. 8, 2019) (citing to *Hassan v. U.S. Postal Serv*., 842 F.2d 260, 263 (11th Cir. 1988)).

[36] *See* Motion to Strike, DE 33, p. 11.

and award its attorney's fees and costs under any applicable statute, rule or contract, and all such other relief as is just and proper.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Counsel for Defendant,*
*Empire Insurance Services, Inc.*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, Florida 33130
Phone: (305) 379-0400
By: */s/ Michael D. Starks*
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
MICHAEL D. STARKS
Florida Bar No. 0086584
STEFANI R. ERAZO
Florida Bar No. 1019199

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **13th** day of **November, 2025**, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Michael D. Starks*
MICHAEL D. STARKS